```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

INTERNATIONAL BROTHERHOOD OF      *        CIVIL ACTION
ELECTRICAL WORKERS LOCAL
130, ET AL

VERSUS                            *        NO: 05-6629

BE&K GOVERNMENT GROUP, INC.       *        SECTION: "D"(5)
```

### ORDER AND REASONS

Before the court is the **"Motion to Remand"** filed by Plaintiffs the International Brotherhood of Electrical Workers Local 130, et al (Union). Defendant, BE&K Government Group, Inc., filed a memorandum in opposition. The hearing of this motion, originally set on Wednesday, March 1, 2006, was continued because the court ordered the parties to submit supplemental memoranda addressing "whether the Union's claim for declaratory or injunctive relief was moot by the time the lawsuit, *or* has now become moot." The parties filed their respective supplemental briefs (with supporting summary-judgment type evidence) on April 25, 2006.

Now, having considered the supplemental memoranda of counsel, the record, and the applicable law, the court finds that Defendant BE&K has done no further work in Louisiana since November 18, 2005. (*See* Affidavit of Director of Project Controls for BE&K, Ken Gray,

at ¶11). Further, based on the facts of *this* case, there is no real threat of future injury. Thus, the Union's claim for declaratory or injunctive relief is moot, and for determining diversity jurisdiction, the court will disregard the citizenship of the Union (and its members) because there will be no possibility of recovery by the Union.

The court also rejects the Union's argument that "BE&K has defaulted in its obligation to pay over $80,000 in fringe benefit contributions for pension and health coverage for the Union members and is withholding the payments to Knight [E]nterprises solely because of the Union advancing this lawsuit." (Union's Supp, Memo. at 8). Such an argument is not contained in any of the pleadings in this case, and any issue raised in such an argument in a post-removal amendment to the pleadings cannot divest the court of jurisdiction. *Cavallini v. State Farm Mutual Auto. Ins.*, 44 F.3d 256, 264-65 (5th Cir. 1995).[1]

Accordingly;

Based on the reasons contained in the court's "Order and Reasons" of March 7, 2006 (Doc. No. 10) and the reasons contained

---

[1] The court notes that on March 8, 2006, the Union and other Union entities filed suit in this court against Knight Enterprises, alleging that Knight Enterprises failed to pay Union dues and Union benefits in connection with work done on the Belle Chasse Naval Air Station project. *See New Orleans Electrical Pension Fund, et al v. Knight Enterprises of Louisiana LLC*, No, 06-1216, Section I, copy of Complaint attached as Ex. 4 to Defendant's Supp. brief).

herein,

**IT IS ORDERED** that the Union's **Motion to Remand** be and is hereby **DENIED**, as the court has diversity jurisdiction.

New Orleans, Louisiana, this **2nd** day of **May, 2006.**

```
               _____
                     A.J. McNAMARA
               UNITED STATES DISTRICT JUDGE
```